IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02384-BNB

EDWIN MARK ACKERMAN,

    Plaintiff,

v.

JIM KEITH, BCCF Warden,
KELLY CLODFELTER, Chief of Security,
J. CUNNINGHAM, Case Manager BCCF, and
SGT. SALIZER, BCCF Housing Sgt.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 14 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO AMEND COMPLAINT

Plaintiff is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. On November 16, 2006, Plaintiff submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and to 28 U.S.C. § 1342.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, a court should not act as an advocate for a *pro se* litigant. **See** *id.*

In the Complaint, Plaintiff asserts three claims, including (1) that he was harassed by Defendant Sgt. Salizar and his co-workers when they conducted non-random cell searches; (2) that he was harassed by Defendant Salizar when he charged him with advocating a facility disturbance, a disciplinary offense which was dismissed; and (3) that his complaints to Defendants Jim Keith, J. Cunningham, and Kelly Clodfelter regarding Defendant Salizar's harassment were ignored.

Prison officials may not retaliate against an inmate for exercising his constitutional rights. **See Peterson v. Shanks**, 149 F.3d 1140, 1144 (10th Cir. 1998). However, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." **Frazier v. Dubois**, 922 F.2d 560, 562 n.1 (10th Cir. 1990); **see Peterson**, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").

Mr. Ackerman has failed to state specific facts that show he was retaliated against for exercising a constitutional right and that the retaliatory motives were the "but for" causes for Defendants' actions. Therefore, Plaintiff is instructed to amend the Amended Complaint and properly plead retaliation.

Plaintiff also is directed to state in Claims Two and Three how long he was held in segregation.

Furthermore, upon review of the grievances Plaintiff has submitted as evidence that he has exhausted his administrative remedies, the Court finds that Plaintiff fails to submit any documentation that he has exhausted Claims Two and Three.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Mr. Ackerman is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies.

Furthermore, Plaintiff was instructed in Case Nos. 06-cv-01588-ZLW and 06-cv-01586-ZLW, that he is required to have exhausted all administrative remedies before filing a claim in federal court. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 n.5 (10th Cir. 2003) (citing *Porter*, 534 U.S. at 524-25). Plaintiff also was told in Case Nos. 06-cv-01588-ZLW and 06-cv-01586-ZLW, that § 1997e(a) imposes a total exhaustion requirement on prisoners, *Ross v. Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004), and that § 1997e requires Plaintiff to properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system, *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

Plaintiff will be ordered to amend the Complaint and state with specificity how he has exhausted all of the claims that he raises. Plaintiff is reminded that he either must attach copies of all his administrative proceedings or describe the disposition of the proceedings with specificity. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED December 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02384-BNB

Edwin Mark Ackerman
Prisoner No. 87741
Colorado State Penitentiary
PO Box 777 - A422
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 12/14/06

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
Deputy Clerk