IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02384-EWN-MEH

EDWIN MARK ACKERMAN,

       Plaintiff,

v.

JIM KEITH, BCCF Warden,
KELLY CLODFELTER, Chief of Security BCCF,
J. CUNNINGHAM, Case Manager BCCF, and
SGT. SALIZAR, BCCF Housing Sgt.,

       Defendants.

---

## RECOMMENDATION ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

---

**Entered by Michael E. Hegarty, United States Magistrate Judge**

       Before the Court is Plaintiff's Motion for Judgment on the Pleadings [Doc #47]. Defendants did not respond. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny without prejudice** the Plaintiff's Motion.

### I.    Discussion

       Pursuant to Fed. R. Civ. P. 12(c), any party may move for judgment on the pleadings, so long as the pleadings are closed and the motion does not serve to delay trial. If matters outside the pleadings are presented to the court, the motion shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(c) (2007). All parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56. *Id.*

       Here, Plaintiff's Complaint, filed January 11, 2007, contains allegations with respect to a

grievance he filed March 4, 2005, Grievance Number BC04/05-216, regarding "harassment" and "retaliatory searches." [Complaint at 4.]  In essence, Plaintiff alleges that he was being singled out for excessive searches and placed in "segregation" for an inordinate amount of time after he complained about what he considered to be unreasonable searches.  [*Id.*]   The Plaintiff seeks "monetary, compensatory, nominal and any other relief that a jury may decide," to compensate him for his damages. [*Id.* at 8.]

In Plaintiff's Motion for Judgment on the Pleadings, filed May 10, 2007, Plaintiff now argues that a Code of Penal Discipline ("COPD") hearing, apparently from which he was placed in segregation, should never have been prosecuted. [Motion, ¶ 3.]  In support of his argument, Plaintiff has attached two exhibits - a court order and an expungement order.  Plaintiff states in his Motion that "the previous stated issues were for a second COPD conviction that the Plaintiff received," [Motion, ¶ 4], and proceeds to describe harassment by Defendant Salizar with respect to a different COPD hearing. [Motion, ¶¶ 4-5.] Plaintiff argues that this conduct constitutes a pattern of harassment by the Defendants, and now seeks $10,000,000.00 "per defendant plus court costs." [Motion, ¶ 6.]

It is evident that, in Plaintiff's Motion, he has presented matters outside of the pleadings. Consequently, this Motion should be treated as a motion under Fed. R. Civ. P. 56.  However, because all parties, including the Plaintiff, are to be given reasonable opportunity to present all material made pertinent to his Motion, the Court finds that Plaintiff's Motion is premature.  Discovery in this matter will be not be closed until August 3, 2007.  A deposition of the Plaintiff has been scheduled for July 23, 2007, at which time the Plaintiff will have the opportunity to present his case in response to Defendants' questions while under oath, and may use that testimony as further evidence in support of his claims.  Dispositive motions, including those under Fed. R. Civ. P. 56, are due to be filed in this matter on or before September 3, 2007.  With such motions, all parties may present any written

and/or oral evidence supporting their claims and defenses.

### III.     Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Judgment on the Pleadings [Filed May 10, 2007; Docket #47] be **denied without prejudice**. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 16th day of July, 2007.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1]  The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).