IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02384-EWN-MEH

EDWIN MARK ACKERMAN,

       Plaintiff,

v.

JIM KEITH, BCCF Warden,
KELLY CLODFELTER, Chief of Security BCCF,
J. CUNNINGHAM, Case Manager BCCF, and
SGT. SALIZAR, BCCF Housing Sgt.,

       Defendants.

---

## ORDER ON MOTION TO AMEND

---

Before the Court is Plaintiff's Motion for Permission to Amend Pleadings ("Motion to Amend" [Docket #76]. The matter is briefed. Oral argument would not materially assist the Court in adjudicating the Motion to Amend. For the following reasons, the Motion to Amend is **granted**.

### A.   Background

Plaintiff seeks to add two claims to this lawsuit. The current operative pleading, Plaintiff's [Amended] Complaint docketed February 5, 2007, identifies one constitutional claim for retaliatory harassment arising from numerous searches of Plaintiff's cell, "in some cases daily." Amended Complaint at 4. He claimed that Defendant Clodfelter knew about the harassment but chose to ignore it. *Id.* at 2. He also alleged that Defendant Salizar "started the harassment and continued long after the Plaintiff reported it." *Id.* at 2A. Moreover, Plaintiff alleged that Defendants Keith, Clodfelter and Cunningham knew about Salizar's harassment of Plaintiff and "let it continue." *Id.* at 3. In the proposed Second Amended Complaint, Plaintiff seeks to add two new theories to the basic facts that he has already pleaded: First, that the excessive searches constitute cruel and unusual punishment,

and second, that ignoring his complaints against Salizar and allowing him to be supervised by Salizar resulted in continued harassment and deliberate indifference.

Defendants contend that the Motion to Amend is untimely and prejudicial. Defendants correctly point out that the deadline to amend pleadings was June 30, 2007, and the current motion was filed on August 22, 2007. Defendants also argue that the amendment would be prejudicial because of the passage of the discovery deadline and the pendency of the September 3, 2007 dispositive motion deadline.

**B.      Analysis**

Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.;*

*Foman v. Davis,* 371 U.S. 178, 182 (1962).   The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).   The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315.   "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.   Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

One Magistrate Judge in this District has held that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001).   The circumstances surrounding Plaintiff's discovery of new legal theories based on the existing facts underlying the Motion to Amend do not support a finding of lack of diligence.   These new legal theories were learned during the discovery period.   Given all the factors discussed above, the Court finds that good cause for the timing of Plaintiff's Motion to Amend beyond the date in the Scheduling Order.

Further, the Court believes that the proposed amendment is appropriate here.   The allegations are similar to those already made in this case.   The Court does not agree that permitting the amendment should require another deposition of Plaintiff.   The main thrust of his original Amended Complaint was the numerous and retaliatory searches.   The addition of a new legal theory as to why

3

those searches were wrong should not require any additional fact discovery.  The same is true for the allegation that the other Defendants ignored his pleas for help arising out of Defendant Salizar's conduct toward Plaintiff.  Therefore, undue burden or prejudice have not been established, especially given the tight discovery period (90 days) originally entered by the Court.  However, if Defendants believe a supplemental deposition is required, they may do so on or before September 17, 2007.  The fact discovery deadline will be extended to that day, and the dispositive motion deadline to October 15, 2007.

Therefore, the Court finds that Plaintiff has established good cause for amending its Complaint.

## III.    Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion to Amend  [Filed August 22, 2007; Docket #76] is **granted**, and the Clerk of the Court is directed to accept the proposed Second Amended Complaint for filing.  The Defendants are granted leave to conduct a supplemental deposition of Plaintiff.  The discovery deadline is reset to September 17, 2007, and the dispositive motion deadline to October 15, 2007.

Dated at Denver, Colorado, this 6th day of September, 2007.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge