IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-02384-PAB-MEH

EDWIN MARK ACKERMAN,

    Plaintiff,

v.

JIM KEITH, Warden, BCCF,
KELLY CLODFELTER, Chief of Security, BCCF,
J. CUNNINGHAM, Case Manager, BCCF, and
SGT. SALAZAR,[1] Housing Sgt., BCCF,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 104] concerning plaintiff's Motion for Summary Judgment [Docket No. 89] and defendants' Motion for Summary Judgment ("Defs.' Mot. for Summ. J.") [Docket No. 98]. Plaintiff filed timely objections [Docket No. 106] to the Recommendation. Defendants have filed a response [Docket No. 108] to the objections, and plaintiff filed a response to defendants' response [Docket No. 110]. The Court has conducted a *de novo* review of the record and has construed the plaintiff's pleadings liberally in light of his status as a *pro se* plaintiff. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Plaintiff objects to the Recommendation's finding that he failed to exhaust

---

[1] In his complaint, plaintiff spelled defendant's name as "Salizar." From the defendants' filings, it appears clear that the proper spelling is "Salazar."

administrative remedies for his claims arising out of his placement in segregation. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

In their motion for summary judgment, defendants did not raise the defense of failure to exhaust administrative remedies. The Recommendation found that plaintiff had not complied with the Colorado Department of Corrections' ("CDOC") three-step grievance process because he only filed Step 1 and Step 2 grievances regarding his placement in segregation. Recommendation at 6; *see* CDOC Admin. Reg. 850-04 §IV(G)(2). CDOC Administrative Regulation 850-04 § IV(A)(5), however, provides that "this grievance procedure may not be used to seek review of [Code of Penal Discipline] convictions[] [and] administrative segregation placement" because such issues "have exclusive appeal procedures." Plaintiff contends that he complied with the appropriate procedures to challenge his placement in segregation. Defendants have not adequately addressed the appropriate administrative procedures available to plaintiff in regard to his challenge to segregation and whether he complied with them. Thus, the Court is not satisfied that defendants have met their burden of proof on the question of exhaustion of administrative remedies.

The Court therefore turns to the merits of plaintiff's claim that his placement in segregation was retaliatory. Summary judgment is warranted under Federal Rule of

2

Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

Plaintiff alleges that defendant Salazar initiated harassing searches of his cell in March of 2005. *See* Compl. [Docket No. 85] at 3. Plaintiff also contends that, in retaliation for grievances he filed regarding the searches, the prison's Chief of Security, defendant Kelly Clodfelter, retaliated against him by placing him in segregation in April 2005. *See id.* Plaintiff attaches to his complaint a Notice of Charge(s) describing threatening statements plaintiff included within request forms which arose out of his frustration over not being transferred back to a facility where he previously was housed. *See* Ex. B to Compl. [Docket No. 85]. Defendant Clodfelter indicated he placed plaintiff in segregation in light of those threats. *Id.* Plaintiff points to no evidence contradicting

3

this reason for his placement in segregation and, at his deposition, stated that he is not claiming that this placement was evidence of harassment. *See* Ackerman Depo., Ex. A-1 to Defs.' Mot. for Summ. J. at 53.

Plaintiff alleges that, after being released from segregation, defendant Salazar thereafter placed him back in segregation. The record indicates that a non-defendant correctional officer, a Captain Chavez, signed a Removal from Population form in which plaintiff was described as being verbally disruptive shortly after a prisoner count while his section of the facility was locked down. Ex. A-4 to Defs.' Mot. for Summ. J. [Docket No. 98]. Defendant Salazar describes the same conduct in a Notice of Charge(s) against plaintiff. Ex. A-2 to Defs.' Mot. for Summ. J. The record indicates that, in light of plaintiff's conduct during the lock down, defendant Salazar and Captain Chavez escorted plaintiff to the security office and, from there, plaintiff was taken to segregation. *Id.* Plaintiff was thereafter convicted of the disciplinary charges and sentenced to punitive segregation by individuals other than defendant Salazar. Moreover, defendant Keith, the warden of the facility, appears to have done nothing more than review and affirm the conviction.

To the extent plaintiff now claims that there was insufficient evidence to place him in segregation, and that the real reason was retaliation, he points to no evidence that would create a genuine issue for trial on this point. And, his contention that he was ultimately exonerated finds no support in the record. Rather, as plaintiff admits, defendants expunged his record, and dropped the charges during the state court proceedings challenging his conviction, because the audio tape of his hearing was

inaudible.  Ex. A-1 to Defs.' Mot. for Summ. J. ("Ackerman Depo") at 68; see Ex. A-10 to Defs.' Mot. for Summ. J. at 1-3.  In short, plaintiff's bare assertions, based on nothing more than speculation, regarding the defendants' motives for placing him in segregation, are insufficient to survive summary judgment.

Finally, the Court concurs with the magistrate judge's determination that the record contains no evidence that any of the defendants' conduct interfered with plaintiff's ability to engage in constitutionally protected activity.  Moreover, in regard to plaintiff's two remaining claims – one alleging the cell searches violated the Eighth Amendment and the other contending that defendants were deliberately indifferent to the alleged harassment –  the Court agrees with the Recommendation's thorough and well-reasoned explication of why defendants are entitled to summary judgment.

Accordingly, it is

**ORDERED** that plaintiff Edwin Mark Ackerman's objections [Docket No. 106] to the Recommendation of United States Magistrate Judge are OVERRULED.  It is further

**ORDERED** that plaintiff's Motion for Summary Judgment [Docket No. 89] is DENIED.  It is further

**ORDERED** that defendants' Motion for Summary Judgment [Docket No. 98] is GRANTED.  It is further

**ORDERED** that judgment shall enter in favor of defendants and against plaintiff.

DATED March 22, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge